**PRIVATE TELEPHONE LINES NOT PUBLIC UTILITIES.**

Circuit Court of Licking County.

THE GRATIOT & BROWNSVILLE TELEPHONE COMPANY V. THE BROWNSVILLE FARMERS'· TELEPHONE COMPANY ET AL. *

Decided, February Term,.1912.

*Telephones—Private Lines Not Public Utilities—Persons May Associate for the Construction and Use of Private Lines—Public Utilities Act Not Applicable to Companies Already Chartered—Section 614-52.*

1. A telephone company, upon which both primary and secondary franchises had been conferred prior to the enactment of the state public utilities law, is not subject to the provision of the section of that law requiring that a certificate be secured from the public service commission that the exercise of the franchise or permit granted to it is proper and necessary to the public convenience.
2. The construction of a private telephone line and station for the use of a number of persons associated together for that purpose does not constitute a public utility, nor are persons so using such a line subject to control by the public service commission.

*J. C. Bassett* and *Robert Ramsey,* for plaintiff.
*Fitzgibbon & Montgomery,* contra.

PO'WELL, J.; VOORHEES, J., and SHIELDS, J., concur.

This is an action by the plaintiff to enjoin the defendant, the ·Brownsville Farmers' Telephone Company, from exercising any permit, right, license or franchise heretofore granted it, but not actually exercised by it, for owning or operating a plant for furnishing telephone service thereunder in the locality in which it is situated, and being the same locality occupied by plaintiff with its telephone lines and plant. This judgment is asked under and by virtue of the provisions of Section 54 of what is known as the Public Utilities Act of Ohio, passed May 31, 1911, and which act took effect June 30, 1911, and is found in Vol. 102 of the

---

* Affirming *Gratiot & Brownsville Telephone Co.* v. *Brownsville Farmers. Telephone Co.,* 13 N.P.(N.S.), 429.

Annual Laws, at pages 549 to 575 inclusive. This act provides for the regulation and control of what are known and defined in said act as public utilities, and it establishes a commission to be known as the public service commission, and prescribes the duties and defines the authority of such commission.

The particular delinquency urged against the defendant is, that it is about to proceed with the construction of a telephone plant for the use of its stockholders and the public generally, without first having obtained a certificate of the public service commission that the exercising of its franchise, permit, right or license so to do is proper and necessary for the public convenience as provided by said Section 54. The petition, by proper averments, sets out the facts upon which the plaintiff predicates its right to the relief prayed for.

The defendant, by its answer, admits the corporate capacity of both plaintiff and defendant, and avers that it was incorporated on or about March 10, 1911; that it proposes to construct a telephone line in Licking and adjoining counties; that it has purchased supplies, material and equipment therefor, and has partially constructed said line; that a part of its said line was constructed prior to June 30, 1911, and that prior to May 31, 1911, it was actually exercising the grants and franchises before that time granted to it under the laws of Ohio. It further admits that it has not received a certificate of public necessity from the public service commission, and that said commission has not determined that the construction of its proposed line was necessary.

A temporary restraining order was allowed on the filing of the petition. Afterwards a motion was filed to dissolve the same. The case was heard on its merits in the court of common pleas, the petition was dismissed, and the action was brought to this court by appeal, and the case is now submitted upon its merits,

The question presented is: what is the proper construction to be given to said Section 54 of the public utilities act? Said Section reads as follows:

"Section 54. No telephone company shall exercise any permit, right, license or franchise that may have been heretofore granted

but not actually exercised, or that may hereafter be granted, to own or operate a plant for the furnishing of any telephone service thereunder, in any municipality or locality where there is in operation a telephone company furnishing adequate service unless such telephone company first secures from the commission a certificate, after public hearing of all parties interested, that the exercising of such license, permit, right or franchise is proper and necessary for the public convenience."

What is the "permit, right license or franchise," the exercising of which is prohibited by this section? It can not be the right to its corporate existence which in conferred by its charter, because that is a right which can not properly be said to be exercised. This is usually referred to as the primary franchise of a corporation, and confers upon it the right to exist, and gives it an identity of its own, with the right to carry out the objects and purposes for which such corporation is formed and as expressed in its charter. This right of the defendant was created and was in existence before the passage of the law sought to be construed; and it is claimed by the defendant that no other permit, right, license or franchise has ever been granted to it by any person or corporate body authorized to grant such permit or franchise.

On the other hand, it is contended by the plaintiff that the defendant's right to construct and maintain a telephone line is such a permit, right, license or franchise as is contemplated by said Section 54, and that the same is a grant of a part of the sovereign power of the state by act of the Legislature in enacting the statutes authorizing the same and under which said corporation is formed; that the right to construct, own and operate a telephone line is the permit, license or franchise which shall not be exercised, if it has not already been so exercised, until a certificate of necessity shall have first been obtained from the public service commission, as provided by said Section 54.

In forming a corporation, it is necessary to set out the objects and purposes in the application for which the corporation is formed; and we find in the articles of incorporation of the defendant that it is formed for the "purpose of building and operating a telephone line in Licking and adjoining counties."

These articles of incorporation were offered in evidence.

We are of the opinion that the construction contended for by the plaintiff in this action is not tenable; that the defendant, having been created as a corporation on the 10th of March, 1911, some two or three months prior to the enactment of the public utilities law, had not only the right to exist as a corporation, known as the primary franchise, but that it also had at that time the right to build and operate a telephone line in Licking and adjoining counties by virtue of its charter; and that this right carried with it the power and authority to do whatever might reasonably be necessary to be done in order to carry out the provisions of such charter. That is, it had the right to purchase material, to construct a telephone line, own the same and operate it. Whether or not it was to be operated for the public, so as to constitute it a public carrier, and thereby make it subject to the jurisdiction and control of the public service commission, might be a disputed question. The objects and purposes for which it is formed are expressed in its articles of incorporation, and nothing is said in these articles as to whether or not it intends to operate as a public utility or not. It can not be doubted that any number of persons may associate themselves together and construct and use a telephone line and station for their own immediate use, and not otherwise. Such a corporation would not be a public utility. There is nothing in the evidence that shows to us that this defendant either intends to operate as such public utility or simply as the owner of private property and for private purposes. We think the evidence fails to disclose that the defendant is such a public service corporation as could be required to come under thhe control and regulation of the public service commission.

The relief sought in this action can not be granted for another reason, and that is this: because what are known as both primary and secondary franchises having attached to the defendant before the passage of this act, the act itself, if construed to apply to this defendant, would be in the nature of a retroactive law, which is prohibited by the Constitution, and that such a construction would make the act itself unconstitutional.

It might further be said that, before it could be held that the defendant should procure a certificate of public necessity from the public service commission, the adequacy or inadequacy of the service rendered in the locality where the plaintiff's property is located would first have to be determined; and while it might not be essential to its right to the relief sought in this action to show that it was rendering adequate service in the same territory, or in the same locality, where the defendant company expected to locate its lines; yet it would not be necessary to make such showing in this proceeding, but the question of the adequacy or inadequacy of its service would have to be raised and passed upon by the public service commission.

We think that, upon the two grounds mentioned, viz: first, that the construction claimed by plaintiff would constitute the public service act retroactive, and, therefore, unconstitutional; and, second, that the evidence does not disclose that the defendant is or will become a public utility within the meaning of that act, the prayer of the petition should be refused. A decree for the defendant will be entered in conformity with this opinion, and the petition will be dismissed at the costs of the plaintiff, and the cause will be remanded to the common pleas court for execution.